STEVEN KALAR
Federal Public Defender
SOPHIA WHITING
Assistant Federal Public Defender
450 Golden Gate Avenue
San Francisco, California  94102
Telephone: (415) 436-7700
Facsimile: (415) 436-7706
Email: Sophia_Whiting@fd.org

Counsel for Defendant ANARIBA MANCIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **Case No.:** CR 19-428 CRB |
| Plaintiff, | **SENTENCING MEMORANDUM** |
| v. | |
| PEDRO ANIBAL ANARIBA ANARIBA MANCIA, | |
| a.k.a. Pedro Anibal Anariba Muncia | |
| Defendant. | |

## INTRODUCTION

On October 16, 2019, Pedro Anariba Mancia accepted responsibility for selling $20 of heroin to an undercover officer. For this, Mr. Mancia has already served more than four months in custody. Mr. Mancia is pleased to join the recommendation of the government for a sentence of time served.

## BACKGROUND

Pedro Anariba Mancia was born on September 7, 1994, and grew up in a poverty-stricken Esquias, Honduras. *See* PSR ¶ 33. After attending school through only age 12, Mr. Mancia began working in the fields to support his family. *See id*. ¶ 41. When Mr. Mancia was 14, his father was imprisoned, and died in jail just two years later. *See id*. ¶ 35. Being the only male still living, Mr. Mancia felt the pressure to provide for his family. This ultimately led to his decision to make the dangerous journey north, hoping to access better employment opportunities. *See id*. ¶ 35.

With very little parental guidance and living on his own, Mr. Mancia started using drugs at a young age. *See id*. ¶ 40. He used cocaine up until his arrest. *Id*. Despite his drug use and his lack of immigration status, Mr. Mancia was able to secure steady employment with Teocal Transport in San Leandro as a mechanic's assistant in February 2018. *Id.* ¶ 40. Earning just $600 per month with his mechanic job, Mr. Mancia made the mistake of selling drugs to support his drug habit.

On August 22, 2019, Mr. Mancia was arrested for selling $20 of heroin to an undercover officer. *Id*. ¶ 6. The instant offense is the first time Mr. Mancia has even been arrested for selling drugs in the Tenderloin. Yet, since he happened to be arrested after the government began their Federal Initiative for The Tenderloin ("FITT"), on September 5, 2019, the government filed a federal indictment charging Mr. Mancia with 21 U.S.C. 841, federal drug distribution. On October 16, 2019, Mr. Mancia entered a plea agreement in which the government promised to recommend a sentence of time served.

**DISCUSSION**

**A.     The Sentencing Guidelines (18 U.S.C. § 3553(a)(4))**

Mr. Mancia stipulates to the Guidelines calculation set forth in the parties' plea agreement, which is as follows: base offense level 12, U.S.S.G. § 2D1.1(c)(14), -2 for acceptance of responsibility, U.S.S.G. § 3E1.1, for a total offense level of 10.

Mr. Torres further concurs that he falls into Criminal History Category II. He receives two points for a single conviction involving marijuana in the District of Arizona, for which he received 180 days' custody.

Although the court must remain mindful of the guideline recommendation, the range established by the Sentencing Guidelines is not presumptively reasonable and it cannot be given any more or less weight than any other factor listed in section 3553(a). *United States v. Autery*, 555 F.3d 864, 872 (9th Cir. 2009); *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The court's paramount concern must be to "'impose a sentence sufficient, but not greater than necessary' to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment." *Carty*, 520 F.3d at 991.

The government and Mr. Mancia agree that a sentence of time served and three years of supervised release aligns with the goals and factors of section 3553(a).

**I. Time Served is Appropriate Given The Offense**

This is not a particularly serious offense. While drug selling undoubtedly poses a threat to the community, Mr. Mancia, a hand-to-hand dealer with his own drug problem, is at the lowest possible level of this problem. The seriousness of the offense does not militate for a longer sentence.

//

//

//

2

## II. Deterrence and Public Protection is Accomplished with a Sentence of Time Served (18 U.S.C. § 3553(a)(2))

Mr. Mancia's custodial sentence will followed by immigration detention, deportation, and a term of supervised release. Mr. Mancia will be deterred from attempting to make the arduous journey north again to face what he knows will be even more severe consequences. Mr. Mancia knows that an illegal re-entry after this deportation would be a new federal crime and, if he returns within his supervised release term, it would additionally be a violation. He fully understands that the consequences for such a decision.

The requested sentence will also protect the public from any further crimes by Mr. Mancia because he will be deported and remain in Honduras.

## III. A Sentence of Six Months' Custody Would Avoid Unwarranted Sentencing Disparities Among Similarly Situated Defendants (18 U.S.C. § 3553(a)(6))

Since the applicable guideline range is in Zone B of the Sentencing Table, the Court may impose probation with a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention. U.S.S.G. § 5C1.1(c)(3). However, since Mr. Mancia does not have permission to be in this country, he is not eligible for any of those preferable alternatives to imprisonment expressly recognized in the guidelines. Otherwise, Mr. Mancia would be a perfect candidate for a diversionary or treatment-oriented sentence. Since none of the preferable alternatives to imprisonment are available for Mr. Mancia, the Court should instead vary downward to time served.

## CONCLUSION

For the aforementioned reasons, the Court should sentence Mr. Mancia to time served, effectively four months' imprisonment.

Respectfully submitted,

Dated: January 9, 2020

STEVEN KALAR
Federal Public Defender
Northern District of California

/S
SOPHIA WHITING
Assistant Federal Public Defender